UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE MONTRELL HUDSON, | Case No. 20-CV-2170 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MINNESOTA, ATTORNEY GENERAL KEITH ELLISON, and THE COMMISSIONER OF MINNESOTA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

Jose Montrell Hudson, pro se.

Angela Helseth Kiese, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants.

This matter is before the Court on plaintiff Jose Montrell Hudson's objection to the November 20, 2020 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer.  ECF Nos. 8, 9.  Judge Bowbeer recommends dismissing Hudson's complaint and denying his application to proceed *in forma pauperis*.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Hudson's objection and adopts Judge Bowbeer's R&R.

Hudson pleaded guilty to first-degree criminal sexual conduct in state court, and as a result is required under Minn. Stat. § 243.166 to register as a predatory offender. Hudson asserts in his complaint that the registration statute violates his rights under the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and he also argues that § 243.166 conflicts with another Minnesota statute, Minn. Stat. § 609.165, which restores an individual's civil rights upon his discharge from prison. *See* ECF No. 1.

Judge Bowbeer recommended that Hudson's constitutional challenges to § 243.166 be rejected under binding Eighth Circuit decisions and persuasive District of Minnesota decisions. *See* ECF No. 8 at 2–3; *Gunderson v. Hvass*, 339 F.3d 639 (8th Cir. 2003) (rejecting substantive and procedural due process claims); *Black Elk v. Schnell*, No. 18-cv-3255 (DWF/LIB), 2019 WL 5149965 (D. Minn. June 4, 2019) (rejecting claims brought under Fourth, Fifth, and Fourteenth Amendments), *R&R adopted*, 2019 WL 4011007 (D. Minn. Aug. 26, 2019); *Larson v. Roy*, No. 12-0707 (MJD/AJB), 2013 WL 3280247 (D. Minn. June 26, 2013) (rejecting claims alleging privacy violations, self-incrimination, due-process violations, and cruel and unusual punishment). Judge Bowbeer further recommended that the Court decline to exercise supplemental jurisdiction over Hudson's state-law claims. ECF No. 8 at 3–4. The Court agrees on both fronts.[1]

---

[1] In his objection, Hudson cites *In re B.H.*, 946 N.W.2d 860 (Minn. 2020), in support of his privacy claim. ECF No. 9 at 1. But *In re B.H.* examines the privacy rights of a victim of a crime in the context of a motion to quash a subpoena under the Minnesota Rules of Criminal Procedure. *In re B.H.* is thus irrelevant to Hudson's claims.

(continued...)

In his objection to the R&R, Hudson makes several arguments that he did not make before Judge Bowbeer. Hudson is precluded from raising these arguments for the first time in an objection to an R&R. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006). Given that Hudson is proceeding pro se, however, the Court will briefly address his new arguments.

Hudson first argues that § 243.166 violates the Ex Post Facto Clause. Even assuming that § 243.166 was retroactively applied to Hudson, the "constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). Both the Eighth Circuit and the Minnesota Supreme Court have held that § 243.166 is not punitive or penal, as the statute's aim is to assist law enforcement rather than to burden or punish registrants. *Gunderson*, 339 F.3d at 643; *Taylor v. State*, 887 N.W.2d 821, 826 (Minn. 2016); *Boutin v. LaFleur*, 591 N.W.2d 711, 717 (Minn. 1999); *see also State v. LaFountain*, 901 N.W.2d 441, 445–50 (Minn. Ct. App. 2017). Because it is not punitive,

---

[1](...continued)
Hudson also repeats his argument that § 243.166 conflicts with § 609.165. As noted, the Court declines to exercise supplemental jurisdiction over this claim. *See Marianist Province of the U.S. v. Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019). That said, the Court—like Judge Bowbeer—draws Hudson's attention to the fact that § 243.166 itself seems to indicate that the two statutes do not conflict, but that § 243.166 instead "trumps" § 609.165. *See* Minn. Stat. § 243.166, subd. 6(a) ("Notwithstanding the provisions of section 609.165, subdivision 1 . . . .").

§ 243.166 does not inflict retroactive punishment in violation of the Ex Post Facto Clause. *See Hollie v. Roy*, No. 17-CV-1434 (PJS/SER), 2017 WL 2841230, at *3 (D. Minn. May 30, 2017), *R&R adopted*, 2017 WL 2838127 (D. Minn. June 30, 2017); *Larson*, 2013 WL 3280247, at *4; *Meyers v. Roy*, No. 11-291 ADM/TNL, 2012 WL 28122, at *8 (D. Minn. Jan. 5, 2012); *State v. Myers*, No. A18-0620, 2019 WL 3000698, at *2 (Minn. Ct. App. July 8, 2019); *cf. Smith v. Doe*, 538 U.S. 84, 105–06 (2003) (holding that Alaska's Sex Offender Registration Act did not violate the Ex Post Facto Clause because it was non-punitive).

Hudson next complains that "upon sentencing . . . he was never told that [he] would have to register as a predator for a life time." ECF No. 9 at 2. Hudson does not cite any statute or judicial decision that gave him the right to be informed of the registration statute at the time of *sentencing*. If Hudson is attempting to argue that his *guilty plea* was defective because he was unaware of the registration requirement, the Court rejects his argument. In *Taylor*, the Minnesota Supreme Court held that the failure to inform a defendant of the registration requirement in § 243.166 was a collateral consequence that did not make the defendant's guilty plea constitutionally defective, because § 243.166 is non-punitive. *Taylor*, 887 N.W.2d at 826; *see also Kaiser v. State*, 641 N.W.2d 900, 905–07 (Minn. 2002).

The rationale in *Taylor* is compelling. The Eighth Circuit has held both that "the accused need only be informed of the 'direct consequences' of the guilty plea," *George v.*

*Black*, 732 F.2d 108, 110 (8th Cir. 1984) (citation omitted), and that § 243.166 is non-punitive, *Gunderson*, 339 F.3d at 643.  The Court therefore agrees with *Taylor* that the registration requirement was a collateral consequence of conviction, meaning that Hudson's plea was not defective.  *Cf. United States v. Dickson*, 676 F. App'x 609 (8th Cir. 2017) (affirming denial of petition for writ of error coram nobis because sex-offender registration under Arkansas statute was collateral consequence of conviction).

Hudson also argues that § 243.166 constitutes cruel and unusual punishment.[2]  Hudson appears to challenge both the requirement that he register as a predatory offender and the potential for a felony conviction and imprisonment for failing to register.  In both instances, his claim fails.

As to the registration requirement:  "The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment."  *Austin v. United States*, 509 U.S. 602, 609 (1993).  As the Court has noted several times, the registration requirement in § 243.166 is not punitive.  *Gunderson*, 339 F.3d at 643; *cf. Doe v. Miller*, 405 F.3d 700, 723 n.6 (8th Cir. 2005) (holding Iowa's sex-offender registration statute did not violate the Eighth Amendment because it was not punitive).

---

[2]Hudson cites *Millard v. Rankin*, 265 F. Supp. 3d 1211 (D. Colo. 2017), a case analyzing the Colorado Sex Offender Registration Act, in support of his Eighth Amendment argument.  ECF No. 9 at 3.  However, the Tenth Circuit reversed the district court's decision in *Millard v. Camper*, 971 F.3d 1174 (10th Cir. 2020).  The Tenth Circuit held that the Colorado statute did not violate the Eighth Amendment because it was non-punitive.  *Id.* at 1184.

As to the potential for imprisonment: Hudson "does not assert he has suffered or is about to suffer this punishment" for failing to register as a predatory offender, so "his premature claim is not ripe for review." *United States v. Williams*, 128 F.3d 1239, 1242 (8th Cir. 1997) (rejecting Eighth Amendment challenge to the Mandatory Victims Restitution Act).

For these reasons, Hudson's objection is overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 9] and ADOPTS the R&R [ECF No. 8]. IT IS HEREBY ORDERED THAT:

1.  Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2.  Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 30, 2020                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge